## McKinney v. Commonwealth.

May 30, 1947.

Ray C. Lewis, Judge.

C. P. Moore for appellant.

Eldon S. Dummit, Attorney General, and H. K. Spear, Assistant Attorney General, for appellee.

Opinion of the Court by Chief Justice Rees—Affirming.

Appellant, Elihu McKinney, has been convicted of the crime of grand larceny and sentenced to a term of one year in the penitentiary. The sole ground urged for reversal of the judgment is that the evidence is not sufficient to sustain the verdict.

The appellant was charged with stealing a check for $58.48, the property of Alva Coyle, a merchant in McKee, Jackson County. The check was drawn on the Jackson County Bank, was signed by the Congleton Coal Company, and made payable to one Dave Maggard. Alva Coyle testified that on March 18, 1946, he made up a statement of cash and checks at his store for the purpose of making a deposit in the Jackson County Bank. Among the checks was the Congleton Coal Company check for $58.48. Appellant was in the store while the witness was listing the checks for deposit. Coyle went to the bank, and when the deposit slip was delivered to him noticed that the Congleton Coal Company check was not listed. He returned to his store and made a search, but was unable to find it. Appellant had been employed by the witness as a truck driver, but had not hauled any coal for him for about a month. Arch Clark testified that he sold to appellant a truck load of coal at the Turkey Foot Mine in Jackson County on March 18, 1946, for $22.35. Appellant gave him in payment a check for $58.48 drawn on the Jackson County Bank of McKee, Kentucky. The check had been issued by the Congleton Coal Company, and was payable to Dave Maggard. Clark gave to appellant $36.13 in cash, that being the difference between the amount of the check and the price of the coal. The check was paid by the bank on March 25, 1946. John Keyton testified that he saw appellant in Coyle's store on March 18, 1946. Appellant testified that Alva Coyle operated a coal yard, and that he had been hauling coal for Coyle regularly. On the day in question Coyle sent him to the Turkey Foot Mine to purchase a load of coal, and delivered to him a check for $58.48 with instructions to pay for the coal out of the check and to bring him the balance. The cost of the coal amounted to $22.35, and appellant delivered the remainder of the proceeds of the check to Coyle.

It will be observed that the testimony of Coyle and appellant on the crucial issue is in direct conflict. If Coyle's testimony is true, appellant committed the offense with which he was charged. Clines v. Commonwealth, 221 Ky. 461, 298 S. W. 1107. There is no merit in the claim that the evidence is insufficient to sustain the verdict. The jury heard the witnesses and chose to believe Coyle who said he did not give the check to appellant.

Judgment is affirmed.